P. Kristofer Strojnik, SBN 242728
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>DANA POINT INN LLC, a California limited liability company,<br><br>Defendant. | Case No:<br><br>**VERIFIED COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Theresa Marie Brooke alleges:

### PARTIES

1.    Plaintiff Theresa Brooke is a married woman. Plaintiff is legally disabled, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the California Unruh Civil Rights Act. Plaintiff ambulates with the aid of a wheelchair due to the loss of a leg.

2.    Defendant, Dana Point Inn LLC, owns and/or operates and does business as the hotel Best Western Plus Marina Shores Hotel located at 34280 Pacific Coast Highway, Dana Point, California 92629. Defendant's hotel is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A), which offers public lodging services. On information and belief, Defendant's hotel was built or renovated after March 15, 2012.

<b><u>JURISDICTION</u></b>

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

4. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

6. Pursuant to *Arroyo v. Rosas*, supplemental jurisdiction is appropriate over Plaintiff's Unruh claim. On a case-specific analysis, there are no compelling reasons to decline jurisdiction.

<b><u>ALLEGATIONS</u></b>

7. Plaintiff alleges that Defendant's hotel does not provide wheelchair accessible access to its hotel through the hotel's main entrance.

8. Plaintiff traveled to Orange County in mid-November 2022 for testing ADA compliance and leisure travel. She anticipates returning to Orange County several times in the next year for testing, leisure and checking on compliance with past testing. Plaintiff also has concrete plans to lodge at Defendant's hotel in June 2023, but she will not honor her concrete plans if Defendant has not provided notice of remediation by then.

9. During this trip, Plaintiff personally visited Defendant's hotel. When she approached the main entrance to the Hotel from the sidewalk, there are two sets of stairs leading to the main entrance, each with approximately ten steps. Being in a wheelchair, it is impossible for Plaintiff to navigate those stairs and enter the Hotel's main entrance.

10. Plaintiff looked around for signs directing her to an accessible entrance, and she could not locate any such sign or any accessible entrances.

11. Plaintiff gained actual and personal knowledge of a barrier while visiting Defendant's hotel, and as a result, she was deterred from entering the hotel. She

anticipates returning to this hotel and has concrete plans to do so in June 2023 (see above), but she will only lodge at the hotel if Defendant puts the required access aisle into place and gives notice of such remediation before her definitive return. Visiting otherwise would be futile because the lack of the access aisle represents a barrier to entering the lobby.

12. It is readily achievable to modify the hotel to provide an accessible entrance for Plaintiff and other disabled persons in a wheelchair.

13. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's hotel in violation of her rights under the ADA.

## FIRST CAUSE OF ACTION

14. Plaintiff incorporates all allegations heretofore set forth.

15. Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and the 2010 Standards, as described above.

16. Defendant has discriminated against Plaintiff in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. §12182(b)(A)(iv) and the 2010 Standards, as described above. Compliance with the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

17. In violation of the ADA, Defendant's hotel main entrance is not accessible to Plaintiff and other persons who use a wheelchair.

18. Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) and the 2010 Standards, as described above, is readily achievable by the Defendant. *Id*. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

19.     Defendant's conduct is ongoing, and Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

20.     Without the requested injunctive relief, Defendant's non-compliance with the ADA to be fully accessible to, and independently useable by, disabled people is likely to recur.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

    b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA;

    c.  Payment of costs and attorney's fees;

    d.  Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION

21.     Plaintiff realleges all allegations heretofore set forth.

22.     Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of her disability as outlined above.

23.     Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

24.     Plaintiff has been damaged by the Defendant's non-compliance with Unruh.

25.     Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount of $4,000.00, and not more.

26.     Pursuant to Unruh, Plaintiff is entitled to attorney's fees and costs in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its hotel into full compliance with the requirements set forth in the ADA;

c.  Payment of costs and attorney's fees;

d.  Damages in the amount of $4,000.00; and

e.  Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 11th day of December, 2022.

/s/ P. Kristofer Strojnik
P. Kristofer Strojnik (242728)
Attorneys for Plaintiff

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of December, 2022.

Theresa Marie Brooke