1  Edwin C. Schreiber, SBN 41066
   Eric A. Schreiber, SBN 194851
2  Ean M. Schreiber, SBN 284361
   SCHREIBER & SCHREIBER, INC.
3  16633 Ventura Boulevard, Suite 1245
   Encino, California 91436
4
   Tel: (818) 789-2577
5  Fax: (818) 789-3391

6  Attorneys for Defendant Dana Point Inn LLC

## UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate property,<br><br>Plaintiff,<br><br>vs.<br><br>DANA POINT INN LLC, a California limited liability company<br><br>Defendant | Civil Action No. 8:22-cv-02237 DOC (JDEx)<br><br>ANSWER TO VERIFIED COMPLAINT BY DANA POINT INN LLC, a California limited liability company |

Comes now the Defendant, Dana Point Inn LLC, a California Limited Liability Company, ("Defendant") and in answer to Plaintiff's Verified Complaint ("Complaint"), admits, denies and alleges as follows:

### PARTIES

1. In answer to paragraph 1, Defendant states that it has no information or belief on the subject to answer the allegations contained in paragraph 1 of Plaintiff's Complaint, and placing its denial on that grounds denies generally and specifically each and every allegation contained therein.

1
ANSWER TO VERIFIED COMPLAINT

2. In answer to paragraph 2, Defendant admits the allegations contained in paragraph 2.

## JURISDICTION

3. Defendant admits the allegations contained in paragraph 3.

4. In response to paragraph 4, Defendant admits that it does substantial business in this judicial district. In further answer to paragraph 4, plaintiff has no information or belief on the subject to respond to the allegation that Plaintiff's claims asserted in her complaint arose in this judicial district as Defendant is informed and believes and, therefore, alleges that the Plaintiff is not a resident of this judicial district, and that Plaintiff may not have visited Defendant's hotel as alleged in her complaint.

5. In answer to paragraph 5, plaintiff has no information or belief on the subject to respond to the allegations contained in paragraph 5 of Plaintiff's complaint that the acts and omissions giving rise to Plaintiff's claims arose in this judicial district, as Defendant is informed and believes and, therefore, alleges that the Plaintiff is not a resident of this judicial district, and that Plaintiff may not have visited Defendant's hotel as alleged in her complaint.

6. Defendant denies generally and specifically that this is an appropriate case for the Court to exercise supplemental jurisdiction as to Plaintiff's Unruh Act claims.

## ALLEGATIONS

7. Defendant denies generally and specifically each and every allegation contained in paragraph 7.

8. In answer to paragraph 8, Defendant states that it has no information or belief on the subject to answer the allegations contained in paragraph 8 of Plaintiff's Complaint, and placing its denial on that grounds denies generally and specifically each and every allegation contained therein.

9. In answer to paragraph 9, Defendant states that it has no information or belief on the subject to answer the allegations contained in the first sentence of paragraph 9, and placing its denial on that grounds denies generally and specifically each and every allegation contained in the first sentence of paragraph 9. In further answer to paragraph 9:

A. Defendant denies generally and specifically each and every allegation contained in paragraph 9;

B. Defendant alleges that the purported front entrance to which Plaintiff refers to in her complaint is not an entrance to the Defendant's hotel, but rather clearly marked as an exit, and not an entrance. Defendant further alleges in this regard that there is no parking in front of the stairs on Pacific Coast Highway as the curb is painted red from the hotel's exist all the way to the corner where there is a 'NO PARKING" sign as it is a right turn lane.

C. Defendant alleges that the entrance to its hotel is around the corner where the parking lot for the hotel is located as there is no parking on Pacific Coast Highway. Defendant further alleges in this regard that there are ADA handicapped parking spaces immediately in front of the entrance; that the entrance has electronic doors which open to a hallway which leads directly to the front desk space reserved for handicapped patrons.

10. Defendant denies generally and specifically each and every allegation contained in paragraph 10, and in this regard alleges that had the Plaintiff simply proceeded to the hotel's parking lot. she would have seen the clearly marked entrance in front of the handicapped parking spaces. Defendant further alleges in response to paragraph 10, that Plaintiff must have known the location of the entrance as the Plaintiff had previously sued Defendant over the lack of a handicapped lift for its swimming pool meaning Plaintiff was familiar with the Defendant's hotel.

11. Defendant is informed and believes and, therefore alleges, that the allegations contained in paragraph 11 are false, and placing its denial on that grounds, denies generally and specifically each and every allegation contained therein.

12. Defendant denies generally and specifically each and every allegation contained in paragraph 12. Defendant further alleges in this regard that the Defendant's hotel's entrance is a fully accessible entrance for disabled patrons in that its entrance is directly in front of ADA parking spaces, that there are electronic doors directly in front of those ADA parking spaces, and the electronic doors open to a hallway that leads directly to the desk space reserved for handicapped patrons.

13. Defendant denies generally and specifically each and every allegation contained in paragraph 13.

[Balance of page intentionally left blank].

3
ANSWER TO VERIFIED COMPLAINT

## ANSWER TO FIRST CAUSE OF ACTION [1]

14. Defendant refers to and incorporates by this reference, each and every admission, denial and allegation contained in its response to paragraphs 1 through 13 inclusive, and make them a part hereof.

15. Defendant denies generally and specifically each and every allegation contained in paragraph 15. In further answer to paragraph 15, Defendant alleges that:

   A. The purported front entrance to which Plaintiff refers to in her complaint is not an entrance to the Defendant's hotel, but rather clearly marked as an exit, and not an entrance. Defendant further alleges in this regard that there is no parking in front of the stairs on Pacific Coast Highway as the curb is painted red from the hotel's exist all the way to the corner where there is a 'NO PARKING" sign as it is a right turn lane; and

   B. The entrance to its hotel is around the corner where the parking lot for the hotel is located as there is no parking on Pacific Coast Highway. Defendant further alleges in this regard that there are ADA handicapped parking spaces immediately in front of the entrance; that the entrance has electronic doors which open to a hallway which leads directly to the front desk space reserved for handicapped patrons.

16. Defendant denies generally and specifically each and every allegation contained in paragraph 16.

17. Defendant denies generally and specifically each and every allegation contained in paragraph 17. In further answer to paragraph 17, Defendant alleges that:

   A. The purported front entrance to which Plaintiff refers to in her complaint is not an entrance to the Defendant's hotel, but rather clearly marked as an exit, and not an entrance. Defendant further alleges in this regard that there is no parking in front of the stairs on Pacific Coast Highway as the curb is painted red from the hotel's exist all the way to the corner where there is a 'NO PARKING" sign as it is a right turn lane; and

---

[1] Defendant is aware that this is United States District Court and, therefore, rather than causes of action they should be claims for relief, but because Plaintiff has called them Causes of Action, Defendant if referring to them in that manner.

B. The entrance to its hotel is around the corner where the parking lot for the hotel is located as there is no parking on Pacific Coast Highway. Defendant further alleges in this regard that there are ADA handicapped parking spaces immediately in front of the entrance; that the entrance has electronic doors which open to a hallway which leads directly to the front desk space reserved for handicapped patrons.

18. In further answer to paragraph 18, Defendant alleges that as alleged above, that it's entrance is in full compliance with 42 U.S.C. § 12182(b)(A)(2)(iv) and the 2010 Standards.

19. In response to paragraph 19, Defendant denies generally and specifically that there is any ongoing lack of compliance with 42 U.S.C. § 12182(b)(A)(2)(iv) and the 2010 Standards, since as alleged above its entrance is in full compliance with 42 U.S.C. § 12182(b)(A)(2)(iv) and the 2010 Standards. In further response to paragraph 19, Defendant denies generally and specifically that Plaintiff has any statutory right to declaratory and injunctive relief, as well as costs and attorney fees since as alleged above, Plaintiff's entrance is in full compliance with 42 U.S.C. § 12182(b)(A)(2)(iv) and the 2010 Standards.

20. Defendant denies generally and specifically each and every allegation contained in paragraph 20.

WHEREFORE, Defendant prays that:

A. Plaintiff take nothing by way of her complaint;

B. That Defendant recover its costs of suit herein;

C. That Defendant recover its attorney fees incurred herein against both Plaintiff and her counsel under F.R.C.P. Rule 11; and

D. Defendant have such other and further relief as to the Court appears just and proper.

## ANSWER TO SECOND CAUSE OF ACTION

21. Defendant refers to and incorporates by this reference, each and every admission, denial and allegation contained in its response to paragraphs 1 through 20 inclusive, and make them a part hereof.

22. Defendant denies generally and specifically each and every allegation contained in

paragraph 22.

23. In response to Paragraph 23, Defendant states that the Unruh Act speaks for itself. Other than as expressly admitted, Defendant denies generally and specifically that Plaintiff is entitled to any relief whatsoever under the Unruh Act, in that Defendant as alleged above, has not violated either the ADA or the Unruh Act.

24. Defendant denies generally and specifically each and every allegation contained in paragraph 24,

25. . In response to Paragraph 25, Defendant states that the Cal. Civil Code § 52 speaks for itself. Other than as expressly admitted, Defendant denies generally and specifically that Plaintiff is entitled to any relief whatsoever under the Unruh Act, in that Defendant as alleged above, has not violated either the ADA or the Unruh Act.

26. In response to Paragraph 26, Defendant states that the Unruh Act speaks for itself. Other than as expressly admitted, Defendant denies generally and specifically that Plaintiff is entitled to any attorney fees or costs whatsoever under the Unruh Act, in that Defendant as alleged above, has not violated either the ADA or the Unruh Act.

WHEREFORE, Defendant prays that:

A. Plaintiff take nothing by way of her complaint;

B. That Defendant recover its costs of suit herein;

C. That Defendant recover its attorney fees incurred herein against both Plaintiff and her counsel under F.R.C.P. Rule 11; and

D. Defendant have such other and further relief as to the Court appears just and proper.

DATED: January 2, 2023                    SCHREIBER & SCHREIBER, INC.

By: /s/ *Edwin C. Schreiber*
Edwin C. Schreiber, Attorneys for
Defendant Dana Point Inn, LLC

# VERIFICATION

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I have read the foregoing ANSWER ETC. and know its contents.

I am a Managing Member of Dana Point Inn, LLC, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on December 28, 2022 at West Hollywood, California.

      I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.

                                              */s/ Robert Jackson*
                                              Robert Jackson

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA   )
COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action; my business address is 16633 Ventura Boulevard, Suite 1245, Encino, California 91436.

On December 28, 2022, I served the foregoing document described as ANSWER ETC. on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope and serving it on

P. Kristofer Strojnik
2415 E. Camelback Road, Ste 700
Phoenix, AZ 85016

_X_  Via U.S. Mail: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed December 28, 2022, at Encino, California.

*/s/ Edwin C. Schreiber*
Edwin C. Schreiber